IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL FINKEL, )
)
      Plaintiff, )
)
v. ) Civil Action No. 3:06CV292
)
SUBARU OF AMERICA, INC., )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the court by consent of the parties on the Defendant Subaru of America, Inc.'s ("Subaru") motion for transfer of venue of the case from this court to the United States District Court for the District of Maryland. (Mot. of Def. Subaru for Transfer of Venue) (docket entry no. 8). Even though the Plaintiff has not responded to the motion, the relevant issues have been addressed by the Defendant and the pertinent facts material to the issue of transfer do not appear to be subject to dispute. Accordingly, the court does not believe oral argument or additional briefing would be of assistance and the matter is therefore ripe for disposition. For the reasons set forth herein, the motion will be GRANTED.

### Undisputed Facts and Reasonable Inferences

The court deems the following to be the undisputed facts and reasonable inferences upon which the pending motion is to be resolved (Findings):

1.    The Plaintiff, Josiah Finkel ("Finkel"), is domiciled and resides in Arlington, Virginia. Finkel purchased a 2006 Subaru Impreza on October 15, 2005, from Fitzgerald Auto Malls ("Fitzgerald"), an authorized Subaru dealership. (Mot. of

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY CLERK

Def. Subaru for Transfer of Venue (Def.'s Mot.) at 1-2.)

2. Although the Plaintiff asserts that the vehicle was purchased in Virginia, all servicing and all "ineffective repair attempts" that are the basis of the Plaintiff's claims were conducted at Fitzgerald's facility in Kensington, Maryland. (Pl.'s Mot. J. ¶ 4;[1] Def.'s Mot. at 1-2.)

3. The Defendant is a corporation organized under the Laws of New Jersey and conducts its business in both Virginia and Maryland. As a consequence, Subaru is subject to *in personam* jurisdiction in both states. (Def.'s Mot. at 2-3.)

4. The Plaintiff's Motion for Judgment alleges that the Defendant violated the Virginia Lemon Law (Count I), the Magnuson-Moss Federal Trade Commission Act (Count II), the Virginia Uniform Commercial Code (Count III), and the Virginia Consumer Protection Act (Count IV) in conjunction with the sale and attempted repair of the vehicle to the Plaintiff by what the Plaintiff alleges in essence to have been fraudulent representations and practices involving a defective product. (Pl.'s Mot. J.)

5. The Plaintiff seeks damages in the amount of the "full purchase price" of the vehicle, plus collateral charges and finance charges; incidental and consequential damages; treble damages and/or the statutory minimum of $500 for each additional unlawful act specified under the Virginia Consumer Protection Act; costs (including expert witness fees and reasonable attorney's fees); and other such relief as this court deems just and proper. (Pl.'s Mot. J. at 2-8.)

6. The Plaintiff has not designated anyone who he intends to call as witnesses as required by Fed. R. Civ. P. 26 and the court's Scheduling Order.

7. The Defendant has indicated that it intends to call individuals who "will have to travel approximately 130 miles from Kensington, Maryland to Richmond, Virginia." (Def.'s Mot.)

8. There are no locations or objects that would be the subject of a potential view by the factfinder. All relevant documentation is in the possession of the parties and presumably transportable.

9. The Circuit Court of the City of Richmond is located 107 miles from Finkel's residence and 118 miles from Kensington, Maryland. Kensington is approximately fourteen miles from the District Court of Maryland, Greenbelt

---

[1] The case was removed from state court pursuant to 28 U.S.C. § 1441 *et seq.* so that the basic pleading is a motion for judgment consistent with state pleading requirements.

Division and thirty-seven miles from the District Court of Maryland, Baltimore Division. Finkel's residence is approximately twenty miles from the District Court of Maryland, Greenbelt Division and forty-four miles from the District Court of Maryland, Baltimore Division (Mot. of Def. Subaru for Transfer of Venue, pp. 3-4).

## Standard of Review

A motion to transfer a case from one district court to another district court is addressed in 28 U.S.C. § 1404(a):

> "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a). Section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted). The defendant-movant (Subaru) has the burden of demonstrating that a transfer of venue is warranted under § 1404(a). The Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 566 (E.D. Va. 2005). Indeed, this court has previously concluded that to overcome the deference given to a plaintiff's choice of forum, "a movant 'bears the burden of demonstrating that the balance of convenience among the parties and witnesses is strongly in favor of the forum to which transfer is sought.'" Koh v. Microtek Int'l., Inc., 250 F. Supp. 2d 627, 633 (E.D. Va. 2003) (quoting Medicenters of America, Inc. v. T & V Realty & Equipment Corp., 371 F. Supp. 1180, 1184 (E.D. Va. 1974)). Controlling precedent therefore requires the court to consider two issues regarding transfer of venue: (1) whether the proposed transferee district or division could have originally heard the case; and (2) whether, pursuant to 28 U.S.C. § 1404(a), the balance of convenience to the parties

and the consideration of the interest of justice warrant transferring the case to the transferee forum. Original Creatine, 387 F. Supp. 2d at 566; Koh, 250 F. Supp. 2d at 630.

## Analysis

### A. Venue is Proper in the District of Maryland

It is clear that the proposed transferee district (the District of Maryland) would have subject matter and personal jurisdiction to resolve the Plaintiff's claims. (Findings ¶¶ 1-3; Koh, 250 F. Supp. 2d at 630.) Subaru is a corporation organized under the laws of the State of New Jersey. (Findings ¶ 3.) Subaru is deemed to reside in Maryland for purposes of *in personam* jurisdiction and venue because it possesses a certificate of authority to transact business in Maryland and it regularly conducts its business operations in Maryland. Id.[2] Therefore, the case could have been brought and can be maintained in the District of Maryland.

---

[2] This is a diversity matter for which jurisdiction is premised on 28 U.S.C. § 1332(a)(1) (district court is authorized to adjudicate civil actions between "citizens of different states" where amount in controversy exceeds $75,000). Regarding the amount in controversy, Finkel alleges that he purchased the defective car for $45,223.61, and his *ad damnum* clause specifically seeks judgment against Subaru "in an amount equal to three times [Finkel's] actual damages..." and additional sums. (Mot. J. at 2, 8.) The sum total therefore exceeds the jurisdictional minimum, at least for purposes of resolving the present issue. With respect to citizenship, Finkel is a domiciliary of Virginia. (Findings ¶ 1.) Regarding Subaru's corporate status, a business organized as a corporation, for diversity jurisdiction purposes, "is deemed to be a citizen of any state by which it has been incorporated," and also "of the State where it has its principal place of business." Wachovia Bank, N.A. v. Schmidt, 126 S. Ct. 941, 944-45 (2006); 28 U.S.C. § 1332(c)(1). Therefore, Subaru is considered to be a citizen of New Jersey where it is incorporated and subject matter jurisdiction is therefore proper because the parties are from different states and the amount in controversy exceeds $75,000. Finally, personal jurisdiction is also satisfied as to the District of Maryland due to the fact that Finkel caused all "ineffective attempted repairs" to be conducted in Maryland, and Subaru regularly conducts business in Maryland through its authorized car dealerships, thereby satisfying the "minimum contacts" test announced by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

**B. Party/Witness Convenience and the "Interests of Justice"**

The other issues that must be examined – the issues of party/witness convenience and the "interest of justice" – have been addressed by several courts within this circuit. In <u>Landers v. Dawson Construction Plant, Ltd.</u>, No. 98-2709, 1999 U.S. App. LEXIS 28474 (4th Cir. Nov. 2, 1999) (unpublished), the Fourth Circuit identified seven factors that courts commonly consider in resolving motions pursuant to § 1404(a):

> (1) the ease of access to the sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of the witnesses; (4) the availability of compulsory process; (5) the possibility of a view by the jury; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

<u>Id.</u> at *5-6;[3] <u>Mullins v. Equifax Info. Servs.</u>, No. 3:05cv888, 2006 U.S. Dist. LEXIS 24650, *15 (E.D. Va. 2006) (Payne, J.) (citations omitted). Accordingly, the court will address each of these seven factors as they relate to the present case.

**1. The Ease of Access to the Sources of Proof**

The comparatively low cost of transporting documents can make their location a less

---

[3] The Fourth Circuit intends to amend and renumber its local rules such that citations to unpublished federal judicial opinions, orders, judgements, or other written dispositions will no longer be prohibited or restricted. "Federal Rule of Appellate Procedure 32.1 permits unrestricted citation of unpublished federal judicial opinions, orders, judgments or other written dispositions issued on or after January 1, 2007." *See* UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT, NOTICE OF PROPOSED AMENDMENT & RENUMBERING OF LOCAL RULE 36(C) & PROPOSED AMENDMENT OF LOCAL RULE 28(B) (June 1, 2006), *available at* http://www.ca4.uscourts.gov/pdf/noticeofproposedlocalrule32-1.pdf (last visited Sept. 25, 2006). The court therefore concludes that at least partial reliance on such precedent is appropriate, especially where it is consistent with other authority.

Case 8:06-cv-02578-AW   Document 10   Filed 09/27/06   Page 6 of 13

pressing consideration when deciding a motion to transfer venue. See Pennwalt Corp. v. Purex Indust., Inc., 659 F. Supp. 287, 290 (D. Del. 1986). The fact that the transportation of documents carries with it a minimal cost, combined with the fact that: (1) there is no jury view necessary in this case; and (2) there is not a substantial distance between the two venues as to make document transportation a major issue, renders the issue of "ease of access to the sources of proof" an insignificant factor. If anything, the scales "tip" slightly in favor of the transferee (Maryland) court location since all of the mechanical work on the vehicle that is the basis of the Plaintiff's claims was performed at Subaru's Kensington, Maryland facility and, therefore, it is reasonably inferred that all documentation is located there. (Findings ¶2.)

## 2. The Convenience of the Parties and Witnesses

It appears that granting a transfer of venue would benefit *both* the Plaintiff and the Defendant. As noted in Subaru's motion, this court is located some 107 miles from Finkel's residence and 118 miles from Subaru's Kensington, Maryland office. (Findings ¶ 9.) The Greenbelt Division for the District of Maryland is located twenty miles from Finkel's residence, and fourteen miles from Subaru's Kensington office. (Id.) Finkel's residence is located forty-four miles from the District of Maryland's Baltimore Division, and Subaru's Kensington office is a mere thirty-seven miles from the Baltimore Division. (Id.) Although a plaintiff's choice of forum is typically entitled to "substantial weight," this choice is accorded less weight where the plaintiff's choice of forum is neither "the nucleus of operative facts, nor the plaintiff's home forum." See Intranexus, Inc. v. Siemens Medical Solutions Health Services Corp., 227 F. Supp. 2d 581, 583 (E.D. Va. 2002). A careful review of the available facts and allegations support a

transfer to the District of Maryland.

Here, the relevant considerations support transferring the proceeding to Maryland. The parties are both located closer to the transferee court (Findings ¶ 9); Plaintiff is a resident of Arlington (Findings ¶ 1); the vehicle which is the subject of the dispute was repaired and inspected by one of the Defendant's dealerships located in the transferee jurisdiction (Findings ¶ 2); the location and pertinent documents are presumed to be located at the Plaintiff's residence and the Defendant's business - both of which are closer to the transferee court; and it is fairly inferred that the financial costs to both parties would be less if proceedings occurred in the transferee jurisdiction based on the respective costs of transportation of witnesses and parties and in consideration of the various distances of the Plaintiff and the Defendant from the transferee court versus the transferor court. The Richmond Division, therefore, can hardly be characterized as the "nucleus of operative facts," and both the Plaintiff and Defendant are residents of locales considerably closer to the proposed transferee forum than they are this court. As such, "convenience of the parties" favors transferring this matter to the District of Maryland.

With regard to the convenience of the witnesses, courts have noted the difference between the consideration involving the "convenience" of party and non-party witnesses. Indeed, "[p]arty witnesses are parties themselves and those closely aligned with a party, and they are presumed to be more willing to testify in a different forum, while there is no such presumption as to non-party witnesses." Samsung Elecs. Co. v. Rambus Inc., 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (quoting Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004)). Here, the Plaintiff has not yet identified any witnesses who will be testifying on his behalf, and the Defendant has only identified employees as witnesses. (Findings ¶¶ 6, 7.)

While it appears that the convenience of the parties and the witnesses would favor transfer of venue to the District of Maryland, there are two exceptions that must be acknowledged. First, other courts have noted that less weight should be given to the factor of witness inconvenience where witnesses are willing to travel for purposes of litigation. *See* Mullins, 2006 U.S. Dist. LEXIS at *24-25 (stating that when a witness' appearance can be secured regardless of the forum's location, the factor of a witness' inconvenience "becomes less important") (quoting Anderson v. Century Prod. Co., 943 F. Supp.137, 149 (D.N.H. 1996)). Second, courts have emphasized the significance of the actual distance between the transferor court and the proposed transferee court. *See* Berk v. Willys-Overland Motors, Inc., 107 F. Supp. 643, 644 (D. Del. 1952) (denying motion to transfer since distance between jurisdictions "barely exceed[ed] 100 miles."); *see also infra* Subsection 3. In this case, the court is unable to consider Finkel's interest in the "convenience of the witnesses" factor because he has chosen not to identify any witnesses to this court in his Rule 26(a) disclosure. Subaru, on the other hand, has identified three fact witnesses who will testify to Finkel's complaints about the defective car and its purported condition. Two of these witnesses are domiciled in Kensington, Maryland, while the third is a resident of Pennsylvania. (Def.'s Mot., Ex. C.) The convenience of the witnesses, based on the record in this case, again favors a transfer to the District of Maryland.

### 3. The Cost of Obtaining the Attendance of the Witnesses

Based on the analysis regarding the distance of both parties from the transferor and transferee courts, it appears that the expense of obtaining witnesses' attendance would be less for both parties if the transfer were granted. (Findings ¶¶ 6, 7.)

Courts have held that where the locations of the respective court facilities are in relatively close proximity to each other, the cost of securing witness attendance is entitled to less weight in considering a motion to transfer. Conversely, the cost of witness attendance is greater where the two venues under consideration are of considerable distance from each other. *Compare* In Re: Campbell Transportation Co., 368 F. Supp. 2d 553, 556 (N.D. W. Va. 2005) (where locations of respective court facilities (the Western District of Pennsylvania and the Northern District of West Virginia) were in relatively close proximity to each other, respective cost of securing attendance of witnesses not entitled to much weight in resolving the venue issue where there was "ease of access to sources of proof in either venue."), *and* Cole v. Sherman Fin. Group, LLC, No. 1:03cv271, 2003 U.S. Dist. LEXIS 22562, *10 (E.D. Tex. Oct. 28, 2003) ("the cost of obtaining attendance of witnesses from approximately 90 miles away is negligible and is not a factor weighing in favor of venue transfer."), *with* Tong v. Direct Trading Corp., No. 02cv8331, 2003 U.S. Dist. LEXIS 17427, *16-17 (N.D. Ill. Sept 30, 2003) (holding that since all of defendant's witnesses resided in Texas and the plaintiff was the only potential witness who resided outside the state (Northern District of Illinois), the costs of obtaining the attendance of witnesses would be considerably decreased overall if the case was transferred to Texas.). Again, although the factor is of little moment in the overall analysis, it supports a transfer nonetheless.

**4. The Availability of Compulsory Process**

This does not appear to be an issue in the instant case.

**E. The Possibility of a View by the Jury**

This does not appear to be an issue in the instant case.

**F. The Interest in Having Local Controversies Decided at Home**

Although the interest of having a local controversy decided at home usually favors a plaintiff's choice of forum, courts have held that deference should only be given to a plaintiff's venue if the forum is the plaintiff's home forum. See, e.g., Intranexus, 227 F. Supp. 2d at 583. The Defendant notes that this court is not the Plaintiff's home forum, but Virginia is the Plaintiff's home forum state and Maryland is not. While the Plaintiff's choice of forum was that of his home state, the Plaintiff chose a state court in Richmond to initiate the action that is not even the closest state court to his Virginia residence or to the location of the controversy, and bares no semblance of a factual connection to Richmond whatsoever.

Moreover, courts are traditionally willing to transfer cases to the districts in which the events giving rise to the suits occurred. More specifically, "[i]f none of the operative events in the lawsuit took place in the district in which the action was originally filed, a motion to transfer to the district in which the events occurred is likely to succeed. Transfer to the place where the operative events occurred may be warranted because often the majority of the significant witnesses and the physical evidence also are located there." 17 James Wm. Moore et al., Moore's Federal Practice, § 111.13[1][d][I] n. 23 (3d ed. 2005) (citing Dicken v. United States, 862 F. Supp. 91, 94 (D. Md. 1994) (holding that case should be transferred to Kansas, partly because that was where the accident at issue occurred); Chedid v. Boardwalk Regency Corp., 756 F. Supp. 941, 944-45 (E.D. Va. 1991) (holding that the case should be transferred to New Jersey, where the accident occurred)). Such is the case here. Because the vehicle was serviced in

Maryland, the relevant fact witnesses are domiciled in Maryland, and because Richmond has no factual connection with this case, a transfer is appropriate.

### G. The Interests of Justice

The issue involving the interests of justice is a "catchall" factor "intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1260 (E.D. Va. 1988). Such factors, not already identified and discussed herein, include "the pendency of a related action, the court's familiarity with the applicable law, docket conditions... the possibility of unfair trial, the ability to join other parties and the possibility of harassment." Id.; see also Moore's Federal Practice, *supra* at § 111.13[1][n] (stating that "most courts consider [the interests of justice] to be made up of an amalgam of the public interest factors relating to the efficient administration of the court system, such as the interests of conserving judicial resources, avoiding court congestion, and the difficulties of applying another state's law.") (citations omitted)). This court is not willing to suggest or conclude that any other court is less efficient, and the case has been pending for only a relatively brief period such that the factor of the "interests of justice" is nonconsequential.

### Conclusion

Subaru has satisfied its burden of showing that the "convenience of parties and witnesses" and the "interests of justice" require a transfer to the United States District Court for the District of Maryland. The court has considered the seven factors noted above, and found that

-11-

the District of Maryland is a federal court where this matter "might have been brought." See 28 U.S.C. § 1404(a). Further, the usual deference given to a Plaintiff's choice of forum is not applicable in this case because the Richmond Division lacks any significant (or even *de minimus*) contact with the activities alleged in Finkel's Motion for Judgment. To be sure, neither party resides in Richmond, the parties' identified witnesses live in Maryland, and the allegedly improper repairs giving rise to this lawsuit occurred in Maryland. Accordingly, for all these reasons, the motion for transfer of venue is GRANTED.

An appropriate Order shall issue.

*/s/ Dennis W. Dohnal*
United States Magistrate Judge

Dated: SEP 2 6 2006

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

The attached document:

- Is an E-Government Act written opinion as determined by the authoring judge,
- Has been converted to PDF,
- Is named _3-06CV292_, and
- Has been placed in the O drive "000 opinions" folder.